Appeal of **ELWOOD BANFIELD.**                    Docket No. 1304.

Submitted February 17, 1925; decided February 28, 1925.

*Mr. Elwood Banfield,* the taxpayer, *pro se.*

*Ward Loveless, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before Ivins and Marquette.

From the pleadings, testimony, and documentary evidence presented the Board makes the following

### FINDINGS OF FACT.

During 1919 and 1920, the taxable years involved, the taxpayer was engaged in the business of buying and selling used and unused postage stamps, and a few rare coins.

The taxpayer took no inventories and maintained as accounts only a daily record of sales and purchases. He determined his net profits as the difference between gross purchases and sales for the year.

The Commissioner, rejecting the taxpayer's method of accounting, determined the true gross profits as 33 per cent of the sales and the true net profits as 22 per cent of the sales, as a result of which deficiencies of $788.30 and $1,320.17 were found for the years 1919 and 1920, respectively.

### DECISION.

The determination of the Commissioner is approved.

---

Appeal of **P. D. BEVILLE SUPPLY CO.**          Docket No. 1172.

Submitted February 25, 1925; decided February 28, 1925.

*Geo. E. H. Goodner, C. P. A.,* for the taxpayer.

*B. G. Simpich, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before Graupner, Lansdon, Littleton, and Smith.

The above entitled appeal was submitted to the Board upon those allegations contained in the taxpayer's petition which were admitted

in the answer filed on behalf of the Commissioner. The appeal involves income and profits taxes amounting to $1,507.63 for the fiscal year ending May 31, 1920. From the admitted allegations of the petition the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a corporation organized under the laws of the State of Alabama, with its principal offices at 204 Government Street, Mobile, Ala.

2. Some time, some place, and for some purpose not disclosed in the petition, the taxpayer occupied two buildings under lease. In 1919 certain changes and alterations in the arrangement of the interior of these two buildings were made at a total cost of $3,136.09, which the taxpayer sought to deduct in that year as expense. Of this amount the Commissioner allowed $249.19 as expenses and disallowed $2,886.90.

### DECISION.

On account of the insufficiency of the evidence, the determination of the Commissioner is approved.

---

Appeal of **HAGERSTOWN SHOE &                    Docket No. 463.
LEGGING CO.**[1]

The taxpayer corporations were affiliated.

Submitted February 10, 1925; decided February 28, 1925.

*John F. McCarron, Esq.*, for the taxpayer.

*John D. Foley, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

The appeal is based on the Commissioner's failure to permit the taxpayers to file a consolidated return as affiliated corporations for the calendar years 1919 and 1920.

### FINDINGS OF FACT.

The taxpayers are Maryland corporations with principal office at Hagerstown. The Hagerstown Shoe & Legging Co. (hereinafter called the Hagerstown Company) was organized in 1911. The Byron Shoe Manufacturing Co., Inc. (hereinafter called the Byron Company), was organized in 1919.

In 1911 five brothers, William C. Byron, Edward W. Byron, Harry W. Byron, Lewis T. Byron, and Joseph C. Byron, decided to go into the shoe business and organized the Hagerstown Company

---

[1] Byron Shoe Manufacturing Co., Inc., is also a party to this appeal.